UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SUE ANN SALAZAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:21-CV-363-TAV-DCP |
| | ) | 3:17-CR-091-TAV-DCP-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Sue Ann Salazar has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 1; Case No. 3:17-CR-91 ("Crim. Case"), Doc. 722].[1] The government has responded in opposition [Doc. 6]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 1; Crim. Case, Doc. 722] will be **DENIED**.

### I. Background

Petitioner was indicted, along with several codefendants, in a superseding indictment on charges of (1) conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count

---

[1] All docket citations refer to the instant civil case number unless otherwise specified.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

One); (2) aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 (Count Two); (3) aiding and abetting the possession of a firearm in furtherance of drug trafficking offenses in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three); (4) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four); and (5) possessing a firearm which was not registered to her in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5861(d), 5845(a)(7), and 5871 (Counts Five, Six, and Seven) [Crim. Case, Doc. 18].

On January 9, 2018, petitioner entered a guilty plea to Counts One and Four of the superseding indictment [Crim. Case, Doc. 223]. As part of the plea agreement, petitioner agreed to the following facts:

> Through the testimony of several witnesses, the United States would demonstrate, beyond a reasonable doubt, that between January of 2016 and October of 2017 in the Eastern District of Tennessee, and elsewhere, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to distribute at least 1.5 but less then 4.5 kilograms of actual methamphetamine, a Schedule II controlled substance and the defendant illegally possessed firearms.
>
> During the conspiracy, the defendant obtained multi-ounce quantities of methamphetamine from an unindicted co-conspirator, which the defendant then distributed to various individuals, including co-defendants Korinna Stephens, Billy Buchanan, Allen Michael Buchanan, Tabitha Taylor, Brittany Talley, and unindicted co-conspirators, including Brittany Brown, in quantities ranging from a quarter of an ounce to multiple ounces at a time.
>
> On May 1, 2017, a confidential informant ordered an eight ball of methamphetamine from co-defendant Taylor. Taylor and the confidential informant eventually met with Allen Michael Buchanan, Brittany Talley, and the defendant in the parking lot of a church on John Sevier Highway. At that location, the confidential informant paid Taylor $270. Taylor turned the

money over to the defendant and Allen Michael Buchanan provided approximately 3.8 grams of methamphetamine to Taylor. Taylor took a part of the methamphetamine out of the baggie, because it was only supposed to weigh 3.5 grams and then provided that methamphetamine to the confidential informant.

On May 22, 2017, law enforcement agents went to the defendant's residence, which she shared at the time with co-defendants Hilario Salazar, Allen Michael Buchanan, and Talley, in pursuit of co-defendant Dakota Truslow, who had escaped from jail. The agents observed multiple stolen vehicles outside the residence and the defendant gave the agents permission to search the residence. During the search, in the defendant and co-defendant Hilario Salazar's bedroom, agents located a bag containing approximately 115 grams of methamphetamine, an Arms Co, Model 059, .22 caliber revolver, and miscellaneous 9mm and .380 caliber ammunition. During the search of the basement, agents located firearms, including a Hi-Point Model C9 semi-automatic pistol, a Lorcin Model L25 .25 caliber semi-automatic pistol, a Special Weapons Inc. Model SW5 9mm automatic rifle, a Vector Arms Model HR4332 9mm automatic pistol, and a CCS Model 2000 suppressor.

On May 22, 2017, the defendant was advised of her rights and she gave a statement to law enforcement agents. The defendant said that a co-defendant had been obtaining methamphetamine from an unindicted co-conspirator and that the defendant then began obtaining methamphetamine from the same individual. The defendant said that she received approximately four ounces of methamphetamine twice a month for a period of over a year. The defendant said she paid, at the most, $3,700 for four ounces of methamphetamine. The defendant admitted to distributing methamphetamine to several individuals, including co-defendants. The defendant said that she agreed to rent a hotel room for co-defendant Truslow in exchange for the Vector Arms Model HR4332 9mm automatic pistol and a CCS Model 2000 suppressor, which was located at the defendant's residence on May 22, 2017.

The defendant admits that she was convicted of the felony offense of Sale of Oxycodone on September 16, 2013[,] in the Criminal/Circuit Court of Jefferson County, Tennessee. The defendant agrees that the firearms in Count Four of the indictment were examined by ATF Special Agent Bryan Williams and they did travel in and affect interstate commerce. The defendant admits to conspiring to distribute at least 1.5 but less than 4.5 kilograms of actual methamphetamine.

3

[Crim Case, Doc. 213 ¶ 4(a)–(h)]. In consideration for the concessions the government made in the plea agreement, petitioner agreed to waive her right to file a direct appeal, unless appealing a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater [*Id.* ¶ 10(a)]. Further, petitioner voluntarily, knowingly, and intentionally agreed not to file any motions or pleadings pursuant to 28 U.S.C. § 2255, or otherwise collaterally attack her convictions or sentence, unless based on prosecutorial misconduct or ineffective assistance of counsel [*Id.* ¶ 10(b)].

The presentence investigation report ("PSR") calculated petitioner's criminal history score at three, but because petitioner committed the instant offense while under a criminal justice sentence in the Criminal Court for Jefferson County, Tennessee, two "status points" were added, resulting in a total of five criminal history points and a criminal history category of III [Crim. Case, PSR ¶¶ 119–21]. With a total offense level of 37 and a criminal history category of III, petitioner's applicable guidelines range was 262 to 327 months' imprisonment [*Id.* ¶ 136].

The Court sentenced petitioner on October 5, 2018, to 168 months' imprisonment for Count One and 120 months' imprisonment for Count Four, to run concurrently, followed by 10 years of supervised release [Crim. Case, Doc. 587].³ This sentence was

---

³ On July 31, 2024, the petitioner and the government moved jointly to reduce petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821 to the United States Sentencing Guidelines Manual [Crim Case, Doc. 882]. The Court granted this joint motion on the basis of Amendment 821's revision to section 4A1.1 which, when applied to petitioner's criminal history points, removed the two "status points" petitioner received at sentencing [Crim

4

below the applicable guideline range based on a government motion [Crim. Case, Sealed Doc. 529]. Petitioner did not appeal her convictions or sentence. On July 8, 2019, petitioner filed the instant § 2255 motion [Crim. Case, Doc. 722].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

## III. Analysis

Petitioner argues that her sentence for being a felon in possession in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) should be vacated or set aside in light of the Supreme

---

Case, Doc. 884]. In accordance with the removal of the two "status points," petitioner's sentence was reduced to 154 months' imprisonment [*Id.*].

Court's decisions in *United States v. Davis*, 588 U.S. 445 (2019) and *Rehaif v. United States*, 588 U.S. 225 (2019), both of which postdate her guilty plea [Doc. 1, pp. 1–2].

### A. *Davis* Claim

Despite petitioner's reliance, *Davis* does not impact petitioner's conviction. As the government states in its response [Doc. 6, p. 3], the Supreme Court in *Davis* held that 18 U.S.C. § 924(c)'s definition of a "violent felony" was unconstitutionally vague. However, petitioner was not convicted of violating § 924(c) nor did her conviction or sentence under § 922(g)(1) turn upon the definition of "violent felony." Accordingly, petitioner's *Davis* argument must be rejected as meritless. The Court will therefore turn to and review petitioner's remaining claim under *Rehaif*.

### B. *Rehaif* Claim

Petitioner pleaded guilty to violating § 922(g)(1) and § 924(a)(2) in January 2018, over a year before the Supreme Court decided *Rehaif*. The Supreme Court in *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237. Here, the relevant category for petitioner is convicted felons, as listed in § 922(g)(1) and charged in the superseding indictment [Crim. Case, Doc. 18, p. 3].

While petitioner cites to *Rehaif* in support of her request for this Court to vacate or set aside her sentence under § 922(g)(1) and § 924(a)(2), for the reasons stated *infra*, petitioner's claim fails.

6

### 1. Collateral Attack Waiver

First, as the government contends [Doc. 6, pp. 2–3], petitioner's claim is waived based on her plea agreement and subsequent colloquy before this Court. The Sixth Circuit has held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence" is enforceable. *Watson*, 165 F.3d at 489. Here, petitioner agreed to waive her right to file any motion pursuant to § 2255 or otherwise collaterally attack her conviction or sentence, unless based on grounds of prosecutorial misconduct or ineffective assistance of counsel [Crim. Case, Doc. 213 ¶ 10(b)].

Petitioner has also raised no argument that her agreement to this waiver provision was not knowing and voluntary. And at her change of plea hearing, pursuant to Federal Rule of Criminal Procedure 11 and this Court's standard practice, petitioner was specifically informed of this waiver. The Court accepted petitioner's guilty plea after she agreed that she had reviewed the provisions of the plea agreement with her attorney and that she understood the rights she was waiving by pleading guilty [*See* Crim. Case, Doc. 223]. "Solemn declarations in open court carry a strong presumption of verity[,]" and "[t]he subsequent presentation of conclusory allegations . . . is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, the Supreme Court's decision in *Rehaif* did not render petitioner's waiver unenforceable. *See Vowell v. United States*, 938 F.3d 260, 267 (6th Cir. 2019) (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)) (stating that "a subsequent change in the law does not render an appellate

waiver unknowing or involuntary, even if defendant or petitioner would not have agreed to the waiver had he known about the subsequent change.").

Given the terms of the plea agreement and petitioner's statements at her change of plea hearing, the Court finds that to the extent that petitioner's claim raises issues beyond ineffective assistance of counsel or prosecutorial misconduct, it is barred by the collateral attack waiver in her plea agreement.[4]

### 2. Merits

Besides citing to *Rehaif* in her petition, petitioner does not make any argument as to why her sentence under § 922(g)(1) and § 924(a)(2) should be vacated or set aside. And specifically, petitioner makes no argument of prosecutorial misconduct or ineffective assistance of counsel, the only grounds upon which she could proceed in a § 2255 petition.

The Court does note, however, that one of petitioner's attached exhibits is an email from what appears to be a legal research service [Doc. 1, pp. 1, 3–4]. This email discusses the potential ramifications of the Supreme Court's decision in *Rehaif* [*Id.*]. Particularly, the email claims that based on *Rehaif*, prisoners who are currently serving sentences for violating 18 U.S.C. § 922(g) may move under 28 U.S.C. § 2255 to have their convictions vacated, and they will be entitled to relief if they can show:

---

[4] The government also contends that, with the exception of a claim of ineffective assistance of counsel, petitioner's claim is procedurally defaulted because she failed to raise it on direct appeal [Doc. 6, p. 3]. While the Court agrees that petitioner did not file a direct appeal, petitioner was foreclosed from doing so given her plea agreement waiver, with a few limited exceptions [*See* Crim. Case, Doc. 213 ¶ 10(b)]. But as relevant here, petitioner would have been foreclosed from raising a knowledge-of felon-status argument on direct appeal.

8

> that they are actually innocent of violating § 922(g), which will be the case if they did not know that they fell into one of the categories of persons to whom the offense applies. If a prisoner asserts that he lacked that knowledge and therefore was actually innocent, the district courts . . . may be required to hold a hearing … and make a credibility determination as to the prisoner's subjective mental state at the time of the crime, which may have occurred years in the past.

*Id.* Despite petitioner's inclusion of this email and her inferred reliance on its speculation of *Rehaif*'s practical effects, petitioner makes no such claim that she herself did not know she was in a category of persons barred from possessing a firearm much less does she produce any new evidence suggesting that she lacked the required knowledge about her status as a felon.

Accordingly, having stated no valid claim of ineffective assistance of counsel or prosecutorial misconduct, petitioner's claim under *Rehaif* is **DENIED**.[5]

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and her motion to vacate, set aside or correct sentence [Doc. 1; Crim. Case, Doc. 722] will be **DENIED**, and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.

---

[5] The Court also notes that even if this Court were to grant petitioner's motion, her sentence would remain the same. Petitioner was sentenced to 168 months as to Count One and 120 months to Count Four to run concurrently, and as noted previously, this was reduced to 154 months' imprisonment. If the Court vacated or set aside petitioner's sentence for Count Four, as this is the only count her petition applies to, petitioner would still have to face 154 months' imprisonment as to Count One.

9

Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE